UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 23-cr-00043 (TNM) |
| | ) |
| BRADLEY ANDREE MARTINEZ-MORA, et al. | ) The Honorable Trevor N. McFadden |
| | ) |
| | ) Trial Date: April 8, 2024 |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO STRIKE ALIASES AND MOTION TO STRIKE PREJUDICIAL LANGUAGE FROM INDICTMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes the defendants' pretrial motions to strike aliases and motion to strike prejudicial language from indictment. Consistent with Federal Rule of Evidence 403, the probative value of such relevant evidence is not substantially outweighed by a danger of unfair prejudice. In addition, there is no basis to strike the defendants' aliases or nicknames from the superseding indictment as surplusage pursuant to Federal Rule of Criminal Procedure 7(d). The aliases or nicknames of each defendant serve a relevant purpose and are not unfairly prejudicial. The United States relies on the following facts and legal authority in support of its argument and any such facts and legal authority presented at any hearing on this motion.

**PROCEDURAL HISTORY**

Defendants Bradley Andree Martinez-Mora (hereinafter "Defendant Andree Martinez-Mora"), Jexon Madrid-Flores (hereinafter "Defendant Madrid-Flores), and Gerlin Neptali Diaz-Lopez (hereinafter "Defendant Diaz-Lopez"), are all charged with one count of Conspiracy to Participate in a Racketeer Influenced and Corrupt Organization (RICO-Conspiracy), in violation

of 18 U.S.C. § 1962(d), among other charges. In addition, as relevant to this motion, Defendant Diaz-Lopez is charged with one count of Violent Crime in Aid of Racketeering – Murder (VICAR-Murder), in violation of 18 U.S.C. §§ 1959(a)(1) and 2. All three of the defendants are also identified by their nicknames, aliases, or monikers in the superseding indictment.

On February 8, 2024, Defendant Diaz-Lopez filed a Motion to Strike Alias, followed by a corrected Motion to Strike Alias on February 9, 2024, both seeking to strike Defendant Diaz-Lopez's street name from the superseding indictment. *See* ECF Nos. 121 and 127. Also on February 8, 2024, Defendant Andree Martinez-Mora filed a Motion to Adopt and Join Motions and Notices Filed by Codefendants and specifically identified ECF No. 121 as one of the motions he sought to adopt and join. Subsequently, on February 10, 2024, Defendant Madrid-Flores filed a Motion to Strike Prejudicial Language from Indictment also seeking to strike Defendant Madrid-Flores' street name or alias from the superseding indictment. *See* ECF No. 136. For the reasons explained in further detail below and all other reasons explained at any hearing on these motions, the United States opposes such request for relief.

## FACTUAL BACKGROUND

The charges arise from the defendants' involvement in the 18th Street[1] transnational criminal street gang and the racketeering activities and violent offenses carried out on its behalf. The United States has alleged numerous acts of racketeering committed by the 18th Street gang, as defined in 18 U.S.C. § 1961(1), as well as overt acts committed in furtherance of the charged conspiracy. All three of the defendants are identified in the superseding indictment by their most

---

[1] The 18th Street enterprise is described more fully in the United States Notice of Intent to Introduce Intrinsic Evidence, or, Alternatively, "Other Acts" Evidence Pursuant to Federal Rule of Evidence 404(b). *See* ECF No. 128.

2

recent gang nicknames, aliases, or monikers. Defendant Andree Martinez-Mora is also known as "Joker." Defendant Diaz-Lopez is also known as "Sicario[2]." Defendant Madrid-Flores is also known as "Spooky."

As will be presented and established at trial in these cases, upon entrance into the 18th Street gang, members of the gang are usually provided nicknames, aliases, or monikers. From that point on, gang members are typically largely identified by their gang nickname only. In addition, 18th Street gang members may be provided new gang nicknames are they are promoted within the 18th Street gang. For example, the evidence will show that Defendant Diaz-Lopez initially went by the nickname "Duende" upon his entrance into the 18th Street gang. However, upon being promoted to level of "Homeboy" within the gang, Defendant Diaz-Lopez was provided and assumed the nickname "Sicario." Therefore, gang nicknames, aliases, and monikers are an integral part of the structure, organization, and manner and means of how the 18th Street gang enterprise operates as far as identifying their members.

Furthermore, the use of nicknames, aliases, and monikers for these defendants in the superseding indictment and trial are necessary to identify the defendants in connection with the acts charged in the superseding indictment. Indeed, some of the witnesses the government will call in its case-in-chief only know the defendants by their nicknames. While some witnesses may know partial true names, the defendants largely used their gang nicknames when identifying themselves in gang meetings or communications with other gang members. In numerous communications on social media, the defendants and co-defendants referred to each other using their gang nicknames. In addition, the defendants and co-defendants would identify themselves

---

[2] In his Motion to Strike and corrected Motion to Strike, Defendant Diaz-Lopez interchangeably uses the street name "Goodie." As identified in the original indictment in this case and superseding indictment, Defendant Diaz-Lopez's gang nickname, alias, or moniker is "Sicario."

by their gang nicknames, aliases, and monikers their social media accounts themselves, examples of which are shown below:



*Figure A (Social Media Image from Defendant Andree Martinez-Mora's Snapchat account identifying gang members by nickname to include himself as "Joker," Defendant Diaz-Lopez as "Sicario," and co-defendant Carlos Rolando Martinez-Mora as "Crusty.")*

4



*Figure B (Social Media Video Stillshot from co-defendant Jose Anselmo Ibarra-Cristales' Snapchat with his gang nickname "Chemo" tattooed on his shoulder.)*



*Figure C (Zoomed in Stillshot from video in Figure B from co-defendant Jose Anselmo Ibarra-Cristales' Snapchat with his gang nickname "Chemo" tattooed on his shoulder.)*



*Figure D (Social Media Post from Defendant Andree Martinez-Mora's Snapchat account referencing an incarcerated 18th Street gang member by nickname.*

A few of the social media account names belonging to the defendants and co-defendants even reference their gang nicknames within their user names. For instance, Defendant Andree-Martinez-Mora's Snapchat user name was identified as "el_joker473." Co-defendant Carlos Rolando Martinez-Mora's (hereinafter "co-defendant Rolando Martinez-Mora") Snapchat user name was identified as "xcrosty8." Co-defendant Rolando Martinez-Mora confirmed that his gang nickname was "Crosty" in a custodial interview following his arrest in April 2022. Lastly, one of

5

co-defendant Jose Santos Alvarado-Velasquez's (hereinafter "co-defendant Alvarado-Velasquez") Snapchat account user names was identified as "j-velas," but appears to have been changed from "Vago187" and "Vago" in September 2021.  According to witnesses, at the time of the alleged offenses, co-defendant Alvarado-Velasquez went by the gang nickname "Vago."

## LEGAL STANDARD

A motion to strike surplusage from an indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.  *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998).  In other words, there are two distinct prerequisites for striking superfluous language in an indictment: (1) irrelevance and (2) prejudice to the defendant.  *United States v.* Quinn, 401 F.Supp.2d 80, 97 (D.D.C. 2005).  "[The] standard under Rule 7(d) has been strictly construed against striking surplusage." *Reza,* 134 F.3d at 1134 (quoting *United States v.* Jordan, 626 F.2d 928, 930 n. 1 (D.C. Cir. 1980)).  The general rule regarding the use of aliases is that "[if] the government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted."  *United States v. Brodie*, 326 F.Supp.2d 83, 90 (D.D.C. 2004) (quoting *United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976)).

## ARGUMENT

In *United States v. Apodaca*, 275 F.Supp.3d 123 (D.D.C. 2017), the Court denied defense motions to strike references to aliases from the indictments and transcripts, which were to be used at trial under similar circumstances.  *Id.* at 157-59.  In part, the Court reasoned that one defendant's use of his alias in recorded telephone calls and in contacts with alleged co-conspirators, and one defendant's admitted use of his alias, sufficiently showed that the aliases were relevant to

establishing the defendants' identifies and participation in the charged offense conduct. *Id.* at 158 (citing *United States v. Palfrey*, 499 F.Supp.2d 34, 40 (D.D.C. 2007) (denying defense motion to strike three aliases used in the indictment "[b]ecause the Government credibly asserts that these aliases are necessary to identify Defendant at trial, and because Defendant has shown no prejudice inherent in those aliases")). In addition, the *Apodaca* Court noted that the testifying witnesses were anticipated to refer to the defendants by their aliases while testifying, presumably because that is how the defendants were known to those witnesses. *Apodaca*, 275 F.Supp.3d at 158. As the Court explained, in such circumstances, the use of the defendants' aliases both in the indictment and in connection with the presentation of evidence at trial, through witnesses testimony and in transcripts of recorded or intercepted communications, is not unfairly prejudicial. *Id.* (citing *United States v. Clark*, 184 F.3d 858, 869-70 (D.C. Cir. 1999)).

Defendants Diaz-Lopez and Andree Martinez-Mora cite to *United States v. Beedle*, 463 F.2d 721 (3rd Cir. 1972) for the proposition that "aliases should be stricken from the caption on the indictment before reaching the jury." *See* Defendant Diaz-Lopez Mot. at 1. However, what the parties fail to mention is that in the *Beedle* case, at trial both parties agreed to strike the defendant's alias, which was apparently a spelling error. *Beedle*, 463 F.2d 721 at 725. In that case, the alias served no useful end. *Id.* Nonetheless, despite an agreement not to use the improper alias, the Judge brought the alias to the attention of the jury. *Id.* The facts in this case are easily distinguishable as there was no purported legitimate purpose even proffered by the government for the use of the defendant's alias in the *Beedle* case, as opposed to the proffered relevance here.

Defendant Madrid-Flores in his motion cites to *United States v. Wilkerson*, 456 F.2d 57 (6th Cir. 1972) *cert denied*, 408 U.S. 926 (1972) in noting the Sixth Circuit's disapproval of the practice of including aliases in indictments. *See* Defendant Madrid-Flores Mot. at 3-4. However,

the Court in *Wilkerson* also explained that a court may allow the inclusion of an alias in the indictment and its subsequent introduction at trial when proof of an alias is relevant to identifying the defendant. *Wilkerson*, 456 F.2d at 59. More recently, the Sixth Circuit upheld the admission of a defendant's alias at trial as it assisted in identifying the defendant. *United States v. Williams*, 158 Fed.Appx. 651, 655 (6th Cir. 2005). In *Williams*, the government introduced undercover videotapes of gang meetings in which members identified themselves by their aliases. *Id.* In addition, some witnesses knew the defendant only by his alias. *Id.* As such, the reference to the alias was relevant to identify the defendant. *Id.* The Court noted no undue prejudice as the government did not emphasize the alias in a way that would predispose the jury against the defendant or suggest improper character inferences. *Id.* Given the applicable case law from the 6th Circuit, admission of the defendants' aliases to identify them in this case is consistent with the holdings from that jurisdiction.

  For all of these reasons, the Court should deny the defendants' motions to strike their street names or aliases from the superseding indictment and at trial. As explained above, the introduction of the nicknames and aliases of the defendants is necessary to identify them in connection to the acts charged in the indictment. Some of the witnesses who will testify at trial only know the defendants by their gang nicknames due to their own involvement or experience with the 18th Street gang. In addition, there a number of intercepted communications, including social media communications in which the defendants and other co-conspirators refer to each other by gang nickname or aliases. Co-defendant Rolando Martinez-Mora even identified himself to law enforcement by his nickname, similar to one of the defendants in *Apodaca*. Defendant Andree Martinez-Mora, co-defendant Rolando Martinez-Mora, co-defendant Alvarado-Velasquez, and co-defendant Ibarra-Cristales have also all openly identified themselves by nickname or alias in

their social media user names or in social media videos. At trial, the government will not emphasize the aliases in a prejudice manner or suggest improper character references from such aliases. Given the relevance of the aliases at issue, the Court should refrain from striking their references from the superseding indictment and allow the use of the aliases to establish the identities of the defendants at trial.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this court deny the defendants' Motions to Strike Alias and Motion to Strike Prejudicial Language from Indictment.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: */s/John F. Korba*
JOHN F. KORBA
D.C. Bar No. 1010303
WILL HART
D.C. Bar No. 1029325
SITARA WITANACHCHI
D.C. Bar No. 1023007
Assistant United States Attorneys
601 D Street N.W.
Washington, D.C. 20530
(202) 252-7246 (Korba)
(202) 252-7877 (Hart)
(202) 252-2420 (Witanachchi)
John.Korba@usdoj.gov
William.Hart@usdoj.gov
Sitara.Witanachchi@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 23-cr-00043 (TNM) |
| | ) |
| BRADLEY ANDREE MARTINEZ-MORA, et al. | ) The Honorable Trevor N. McFadden |
| | ) |
| | ) Trial Date: April 8, 2024 |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

Upon consideration of the defendants' Motions to Strike Alias and Motion to Strike Prejudicial Language from Indictment, the United States' Opposition thereto, and the record herein, it is this ___ day of _____, 2024, **HEREBY ORDERED** that the defendants' motions are **DENIED**.

_____
Trevor N. McFadden
United States District Judge

**Copies To:**

Steven R. Kiersh, Esq.
Counsel for Bradley Andree Martinez-Mora

Robert L. Jenkins, Jr., Esq.
Counsel for Jexon Madrid-Flores

Anthony Martin, Esq.
Counsel for Gerlin Neptali Diaz-Lopez


John F. Korba
William Hart
Sitara Witanachchi

10

Assistant United States Attorneys