UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case Number: 23-cr-00043 (TNM) |
| GERLIN NEPTALI DIAZ-LOPEZ, | : |
| Defendant. | : |

### DEFENDANT'S SENTENCING MEMORANDUM

Comes now the Defendant, GERLIN DIAZ-LOPEZ through counsel and pursuant to *Fed.R.Crim.P.* 32 and 18 USC §3553(a). He submits the following memorandum for the court's consideration prior to his sentencing.

### *Procedural Posture*

Mr. Diaz-Lopez was found guilty on May 13th, 2024 of violating several federal laws following a four-week jury trial.[1] He is scheduled for sentencing on Friday, October 11th, 2024 at 2:00 PM in Courtroom 2 before the Honorable Trevor N. McFadden.

### *Comments on the Pre-Sentence Report*

There are no further comments or corrections regarding the Identifying Data Section following the Draft Pre-Sentence Report.

---

[1] Count I charged Conspiracy to Participate in a Racketeer Influenced and Corrupt Organization, in violation of 18 USC §1962(d). Counts 2 and 7 charged Violent Crime in Aid of Racketeering-Murder, in violation of 18 USC§§ 1959(a)(l) and 2. Count 3 charged Conspiracy to Commit Kidnapping Resulting in Death, in violation of 18 USC §120l(c). Count 4 charged Kidnapping Resulting in Death, in violation of 18 USC§§ 120l(a) and 2. Count 5 charged Using, Carrying, Possessing, Brandishing, and Discharging a Firearm During and in Relation to a Crime of violence, in violation of 18 USC§§ 924(c)(l)(A)(iii) and 2. Count 6 charged Unlawful Possession of a Firearm by an Alien Illegally or Unlawfully in the United States, in violation of 18 USC§ 922(g)(5).

### *Rehabilitation Efforts Since Arrest*

Mr. Diaz-Lopez is not enrolled in any rehabilitation program or course at the DC Jail in part because of the separation order with his co-conspirators. Nevertheless, he participates in volunteer work details to clean the facility. This volunteer service does not result in any renumeration but gives him a chance to be productive. In addition, Mr. Diaz-Lopez has researched courses being offered at the various BOP locations. His goal is to enroll in either an Automotive Maintenance, Home Construction or HVAC Certification Program.

### *Remorse Regarding the Offense*

No meeting with Mr. Diaz occurs without his referring to his family. He bemoans the disappointment and hurt he has caused his parents, particularly his father. He continually reflects on how his incarceration has affected his family and the disappointment they undoubtedly feel, but never say to him. His genuine remorse is a consideration under 18 USC §3553(a)(1) and is more fully explained in the section dealing with his History and Characteristics.

### *History and Characteristics of Gerlin Diaz-Lopez*

Gerlin Diaz-Lopez is 25, single and without children. He was born in Cerro Grande, Guatemala. His parents are separated because of poverty. Despite their separation, they remain married and committed to each other and their children. His father came to the United States more than a decade ago and supports the family back home. Gerlin has three siblings, each of whom are reported living in Guatemala. His father is an undocumented resident, living here in Washington DC. Gerlin's dad has been working at the same restaurant for more than a decade. At the time of his arrest, Gerlin was living with his father in Northwest, Washington DC.

Gerlin came unaccompanied to the United States about 10 years ago. An order for his removal was issued in 2016. Nevertheless, he was able to attend school and subsequently obtain employment. His attempt to assimilate was challenging. Aside from the fact that he did not

2

speak English, he was physically small. He stands at 5'2" and currently weighs 170 pounds but weighed much less as a teenager. As a result of his diminutive size, he was nicknamed "Duende", which translates as "Elf". It was not surprising to learn that he was subject to bullying; not just from Americans but from Latinos whose origins were not from Guatemala.

It is said that "friends are the family we choose". As is so often the case with young men, he grouped with those whom he felt comfortable with. He was accepted into a social group that not only spoke his language, but which shared his customs and land of origin. It wasn't long before he became a member of the "18th Street Gang". As your honor is aware, being admitted into this group meant constantly being tested to prove his worth and belonging. Unfortunately, these tests have led to his current situation.

### *Deterrence Value*

**Specific deterrence** can be achieved with a sentence that leaves Mr. Diaz-Lopez with a real chance to rehabilitate, return and contribute to his community. Unfortunately, given the mandatory minimum he faces, it is not clear why there would be a motive to rehabilitate, except for the possibility of some type of clemency in the future, if he keeps a clean record in the BOP. On the question of **General Deterrence**, unless his story is told to children in middle school, who face the same or similar circumstances, we are going to see more cases like his in the immediate future.

### *Need for the Sentence Imposed*

Congress has mandated a term of life imprisonment in this particular case. Whether that is really needed, should have been left to the discretion of the court after periodic and multiple reports from psychologists and therapists. However, given the current state of affairs involving guns, drugs and youth, Mr. Diaz is left with no more than a hope without expectation for change.

### *Guideline Range Consideration*

Given Mr. Diaz-Lopez's Criminal History Category and the nature of the instant offenses, the Base Offense Level is 43 with a suggested term of Life Imprisonment.

### *Fines and Special Assessment*

Mr. Diaz-Lopez was represented by court-appointed counsel. He has no savings, assets, investments or realty to sell. Imposing a fine would serve no purpose other than to set him up for failure.

### *Prayer*

WHEREFORE, Mr. Diaz-Lopez respectfully requests:

1. That the court not impose a fine; and set him up for failure.

2. For such other and further relief under 18 USC 3553[2]; the interest of justice and the public

---

[2] 3553. Imposition of a sentence
 (a) **Factors To Be Considered in Imposing a Sentence.**— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
(1) **the nature and circumstances** of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**
**(B) to afford adequate deterrence** to criminal conduct;
**(C) to protect the public from further crimes of the defendant;** and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines— \*\*\*
(5) any pertinent policy statement—
\*\*\*
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.
(b) **Application of Guidelines in Imposing a Sentence.**—

4

good demands.

                                        Respectfully submitted,

By:    /S/ Anthony D. Martin
         Anthony D. Martin, Esquire 362537
         6411 Ivy Lane, Suite 304
         Greenbelt, MD 20770
         (301) 220-3700; (301) 220-1625 (fax)

---

(1) **In general**
Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.

## CERTIFICATE OF SERVICE

    I HERE BY CERTIFY that a copy of the foregoing Sentencing Memorandum was filed on the date appearing below and that a copy of the same was sent electronically through the ECF system to:

**Sitara Witanachchi, AUSA**
United States Attorney's Office
601 D Street NW, Room 5-206
Washington, D.C. 20530

**Will Hart, AUSA**
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530

**John (Jack) F. Korba, AUSA**
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530

**Christopher Marin, AUSA**
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530


Dated: October 2, 2024

                                                    /S/
                                  Anthony D. Martin, 362-537
                                  Appointed Trial Defense Counsel